## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|                                        |     |                    |
| -------------------------------------- | --- | ------------------ |
| CHRISTOPHER MITCHEM,                   | )   |                    |
|                                        | )   |                    |
| Plaintiff,                             | )   |                    |
|                                        | )   |                    |
| vs.                                    | )   | NO. CIV-10-1203-D  |
|                                        | )   |                    |
| EDMOND TRANSIT MANAGEMENT,             | )   |                    |
|  INC., et al.,                         | )   |                    |
|                                        | )   |                    |
| Defendants.                            | )   |                    |

## ORDER

Before the Court is the Motion to Dismiss [Doc. No. 66] filed by Defendant City of Edmond

("City"). Plaintiff timely responded[1], and the City filed a reply. the City seeks dismissal pursuant

to Fed. R. Civ. P. 12(b)(6), arguing the allegations in the Fourth Amended Complaint fail to state

a plausible claim for relief against it.[2]

I. Background:

In the Fourth Amended Complaint, Plaintiff asserts thirteen causes of action, primarily

alleging employment discrimination and/or retaliation in violation of federal or state law.  Nine of

the claims are directed at the City, Edmond Transit Management, Inc. ("Edmond Transit"),

McDonald Transit Associates, Inc. ("McDonald"), and Citylink Edmond a/k/a Citylink Transit

---

[1]Although Plaintiff filed a response to the City's motion, he also separately filed a motion to defer the deadline for his response [Doc. No. 68], arguing that the City's motion should be converted to a summary judgment motion and that he should be permitted to conduct discovery pursuant to Rule 56 (d) prior to responding to the motion.  In a separate Order, the Court has denied that motion.

[2]The City and the other defendants also filed motions to dismiss the Third Amended Complaint.  However, before the Court ruled on those motions, Plaintiff sought leave to file a Fourth Amended Complaint so that he could include allegations related to an Equal Employment Opportunity Commission charge and an Oklahoma Governmental Tort Claims Act  complaint filed during the pendency of this action.  By Order of January 23, 2012 [Doc. No. 62], the Court granted Plaintiff's request, and the Fourth Amended Complaint [Doc. No. 63] was filed on January 24, 2012.  The filing of the Fourth Amended Complaint rendered moot the pending motions to dismiss the Third Amended Complaint.

("Citylink")[3].  As explained more fully herein, the majority of those claims seek to hold these defendants liable to Plaintiff as his employer, and Plaintiff alleges unlawful discrimination, retaliation, and negligence in connection with Plaintiff's employment as a bus driver in Edmond, Oklahoma.   An African American male, Plaintiff contends he was subjected to  unlawful employment discrimination based on his race, gender, and disability.  He alleges he was sexually harassed by his African American female supervisor, Defendant Alonda Massey, and her conduct also created a hostile work environment.  In addition, Plaintiff alleges he was subjected to unlawful retaliation after he filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff also contends he is disabled, and asserts an employment discrimination claim based on the Americans with Disabilities Act ("ADA") and ADA Amendments ("ADAA"), as well the Oklahoma Anti-Discrimination Act ("OADA").   Another claim is based on the Family Medical Leave Act ("FMLA"), as Plaintiff alleges his supervisor interfered with his rights to seek leave under the FMLA, and she retaliated against him for exercising those rights.  He also asserts civil rights claims pursuant to 42 U.S.C. § 1983, alleging his rights to free speech and equal protection were violated.  A separate racial discrimination claim arising under 42 U.S.C. § 1981 is also asserted.[4]

The underlying basis for Plaintiff's claims is his contention that he engaged in a consensual affair with Ms. Massey and that, after he attempted to end the relationship, Ms. Massey engaged in

---

[3]Defendant Citylink has not filed a motion to dismiss.  In their separate joint motion to dismiss, Edmond Transit and McDonald state that Edmond Transit is a wholly owned subsidiary of McDonald and that Citylink is not a legal entity, but is a trade name they use in connection with their transit business.  *See* Motion and brief [Doc. No. 65] at p. 1, n. 2.

[4]Plaintiff also includes tort claims against Defendant Massey, as well as claims against Edmond Transit and McDonald based on violations of federal and state statutes governing payment of wages and overtime compensation.

conduct that was discriminatory and sexually harassing, resulting in a hostile work environment. He also alleges her conduct not only caused him to suffer emotional distress, but also resulted in physical conditions which rendered him disabled within the meaning of the ADA and OADA.   He contends that, thereafter, her conduct and that of other defendants violated his protected rights under the ADA/ADAA, OADA, and FMLA.

Plaintiff  seeks to hold the City, Edmond Transit, McDonald,  and Citylink liable as his employer on the Title VII, ADA/ADAA, OADA, and FMLA claims, as well as his §1983 claims and pendent tort claim based on  negligent training and supervision.   The City's motion argues that Plaintiff has not alleged facts to show that it was his employer and that the claims against it should thus be dismissed for failure to state a plausible claim for relief.   It also argues Plaintiff's civil rights claims fail to allege that the  actions underlying those claims were taken pursuant to a City policy, rule, or custom and must be dismissed on that basis.

II. Motion to dismiss standards:

To avoid dismissal pursuant to  Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*,  519 F. 3d at 1247).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*,

550 U. S. at 555.  Thus,  plaintiffs  must allege sufficient facts to "nudge[ ] their claims across the

line  from  conceivable  to  plausible."   *Id.* at 570;   *Robbins*, 519 F. 3d at 1247.   The "mere

metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded

claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a

reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, L.L.C. v.*

*Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Although the Court must construe well-pleaded facts as true, not all factual allegations are

"entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951.  "[W]here the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"  *Id.*  To satisfy *Twombly,* a

complaint must provide "more than labels and conclusions" or merely a "formulaic recitation of the

elements" of a cause of action, and courts are "not bound to accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555.  Furthermore, when considering a Rule

12(b)(6) motion, the Court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. State of New Mexico*, 113

F.3d 1170, 1173-74 (10th Cir. 1997).

III. Application:

A. Federal and state statutory employment discrimination claims against the City:

The City seeks dismissal of Counts I through V, which assert employment discrimination

and or retaliation claims in violation of Title VII, the ADA, ADAA and OADA, and the FMLA.  The

City contends that, because these statutory employment discrimination claims may be asserted only against Plaintiff's employer, dismissal is mandated because Plaintiff has not alleged sufficient facts to show the City is his employer.

It is well settled that relief for Title VII and ADA employment discrimination and retaliation claims is imposed only on an employer. *See, e.g., Butler v. City of Prairie Village, Kansas*, 172 F. 3d 736, 744 (10th Cir. 1999); *Haynes v. Williams,* 88 F.3d 898, 899 (10th Cir. 1996).  The same rule applies in FMLA cases.  *See Florez v. Holly Corp.,* 154 F. App'x 707, 708 (10th Cir. 2005) (unpublished decision).   Because the protections provided by the OADA are "co-extensive with the protections provided by federal law under the ADA," liability under the OADA is also limited to employers.  *Stanley v. White Swan, Inc.,* 2002 WL 32061753, at *11 (W.D. Okla. Sept. 26, 2002) (unpublished opinion).

Plaintiff argues he has alleged sufficient facts to show that the City, Edmond Transit, McDonald, and Citylink all face liability under the foregoing statutes as Plaintiff's employer, arguing that he is proceeding on a theory that the four entities are joint employers.  The City argues that the Fourth Amended Complaint fails to allege facts to show the City could constitute a joint employer.

The Tenth Circuit Court of Appeals has held that, for purposes of potential employer liability for Title VII, ADA and other statutes prohibiting employment discrimination, two separate entities may, under certain circumstances, be considered a single employer.  *Bristol v. Bd. of County Comm'rs*, 312 F. 3d 1213, 1218 (10th Cir. 2002).  To determine whether more than one entity is an employer, the Circuit has adopted a "joint-employer test."  *Id.*   Under that test, independent entities are joint employers "if the entities share or co-determine those matters governing the essential terms

and conditions of employment." *Bristol,* 312 F. 3d at 1218.  "In other words, courts look to whether

both entities exercise significant control over the same employees."  *Id.* (quotation omitted).

Accordingly, to state a plausible claim for relief against the City as a joint employer of

Plaintiff, the allegations in the Fourth Amended Complaint must set out sufficient facts to show the

City exercised significant control over Plaintiff's employment.  Pursuant to the Tenth Circuit's joint-

employer test, Plaintiff must allege sufficient facts to show that the City and another defendant

"exercise[d] significant control over" matters governing the "essential terms and conditions" of

Plaintiff's employment.  *Bristol*, 312 F.3d at 1218.

The City asserted this same argument at length in its motion to dismiss the Third Amended

Complaint.  Although that motion to dismiss was fully briefed before Plaintiff filed his Fourth

Amended Complaint, he has not added factual contentions in support of a joint employer theory.

The only reference in the Fourth Amended Complaint suggesting any relationship between the City,

Edmond Transit, McDonald, and Citylink appears at Paragraph 8, in which Plaintiff alleges:

> In or around 2009, the City of Edmond ("Defendant City") chose to contract with
> McDonald Transit Associates ("Defendant McDonald") to operate Citylink Edmond
> a/k/a Citylink Transit ("Defendant Citylink"), which provides the City its public
> transportation services.  In doing so, Edmond Transit Management, Inc. ("Defendant
> Edmond Transit") was created and is the responsible entity for paying Defendant
> Citylink's employees, including but not limited to Plaintiff.

Plaintiff then alleges that, on or about August 4, 2009, he was "hired to work for Defendants as a

Bus Driver," and was promoted to "Bus Driver Supervisor" in November of 2009.  Fourth Amended

Complaint ¶ 9.   Prior to his promotion, he alleges he began the consensual relationship with his

supervisor, Ms. Massey. *Id.* ¶ 10.

The Fourth Amended Complaint contains several allegations identifying Citylink as

Plaintiff's employer.  As noted above, he alleges Edmond Transit is responsible for "paying

*Citylink's employees, including but not limited to Plaintiff.*"   Fourth Amended Complaint, ¶ 8 (emphasis added).   Other portions of the Fourth Amended Complaint support that conclusion, as he contends his complaints regarding Ms. Massey were directed to Defendant Tim Lett in his capacity as "area supervisor" for "Citylink." *Id.* at ¶¶ 13, 18, 23.   Plaintiff also alleges that, when he later sought FMLA leave, he was told "Defendant Citylink did not provide FMLA to its *employees*." *Id.* at ¶ 31 (emphasis added). He alleges he was granted FMLA leave after he pointed out to Citylink the "*employee* policy" providing FMLA benefits. *Id.* (emphasis added).

Other allegations suggest McDonald was his employer or had a role in decisions regarding his employment.   For example, when he was dissatisfied with Mr. Lett's failure to respond to his complaints about Ms. Massey,  Plaintiff alleges he complained to "Corporate Human Resources at Defendant McDonald," and to Robert T. Babbitt, whom he identifies as "President of Defendant McDonald."   Fourth Amended Complaint,  ¶¶ 13, 17, 20.   He also alleges that he met with an attorney for McDonald during an internal investigation conducted after he contacted police regarding threats allegedly made by Ms. Massey. *Id.*  at ¶ 27.

Notwithstanding the absence of any factual allegation suggesting the City is his employer, Plaintiff argues in his response to the motion to dismiss that he has alleged sufficient facts to show the City is a  joint employer with Citylink, Edmond Transit, and McDonald.[5]  However, as the City argues in its motion, the Fourth Amended Complaint does not contain sufficient factual allegations to support a theory that the City is liable based on a joint employer relationship.

---

[5]Attached to Plaintiff's response is his affidavit in which he argues the City is his joint employer.  Because the Court's review of the City's Rule 12(b)(6) motion is confined to the pleadings, the affidavit will not be considered. *See, e.g., Anderson v. Blake*, 469 F.3d 910, 913 n. 1 (10th Cir. 2006); *Hussein v. Duncan Regional Hosp., Inc.*, 2007 WL 3296218, at *4 n.4 (W.D. Okla. Oct. 30, 2007) (unpublished opinion).  Furthermore, the affidavit contains conclusory legal statements rather than presenting facts to support such conclusions.

Construed most liberally in Plaintiff's favor, the Fourth Amended Complaint does not allege any factual contention which, if taken as true, could satisfy the joint employer test as applied to the City.  No facts are alleged to suggest the City and one or more of the other defendants shared decision-making authority regarding matters governing the terms and conditions of Plaintiff's employment.   In fact, there is no allegation which could be construed as suggesting  the City had *any* role whatsoever in determining the terms and conditions of Plaintiff's employment.  The sole reference to the City is Plaintiff's allegation that  he asked Ms. Massey to arrange a meeting with Mr. Lett and a deputy City manager so that he could voice his sexual harassment concerns;  he alleges Ms. Massey refused his request.  He does not allege that he communicated any complaint to a deputy City manager or any other City employee or official.  On the contrary, he alleges such complaints were submitted to Citylink and McDonald officials.  There are no factual allegations that the City had any role in matters related to his employment.

In response to the City's motion, Plaintiff suggests that discovery is required to determine whether the City was his employer.  Plaintiff argues that the 2009 contract between the City and McDonald may possibly have included terms that could support a theory that the City is a joint employer.  That suggestion is speculative and inconsistent with the specific factual allegations regarding the persons to whom Plaintiff complained about his employment conditions.  There is no allegation that the City was among the entities to whom he complained.

Plaintiff's contention that he is not required to explain all legal theories in the complaint is not persuasive.  While legal theories need not be alleged in detail, Fed. R. Civ. P. 8(a)(2) requires, at a minimum, that he plead facts sufficient to notify a defendant of the factual bases for the claims asserted against it:

8

Rule 8 serves the important function of enabling the court and the defendants to know what claims are being asserted and to determine how to respond to those claims. General allegations of harm are insufficient. Additionally, rambling narrations of fact coupled with conclusory legal assertions do not assist the court or the defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*Tuttamore v. Lappin*, 429 F. App'x 687, 689 (10th Cir. 2011) (unpublished opinion).

In this case, the Fourth Amended Complaint fails to allege sufficient facts to place the City on notice of the basis for Plaintiff's contention that it should be held liable as his employer. The motion to dismiss is GRANTED as to all claims asserted against the City as employer.

B. Section 1983 claims:

The City further argues that, even if Plaintiff had alleged facts to show the City is his employer, his § 1983 claims must be dismissed for failure to state a claim for relief. These claims appear at Counts VII and VIII of the Fourth Amendment Complaint, and are asserted against all Defendants.

As the City argues in detail, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dept. of Social Services,* 436 U.S. 658, 692 (1978). A municipality may be liable if its employee's unconstitutional conduct occurred while he was carrying out an official policy, rule or custom of the municipality. *Brammer-Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1189 (10th Cir. 2010); *Orr v. City of Albuquerque,* 417 F. 3d 1144, 1153-54 (10th Cir. 2005). However, Plaintiff in this case has failed to allege any facts supporting any of the alternative bases on which the City could be liable based on a rule, policy, or custom.

The Fourth Amended Complaint contains no allegation that any of the alleged unconstitutional conduct was based on a City rule, policy, or custom. In fact, Plaintiff fails to

identify any such rule, policy or custom which he contends was being followed when one or more of the defendants allegedly violated his constitutional rights.

Accordingly, even if Plaintiff had properly alleged that a City employee violated his rights to freedom of speech or equal protection, he has failed to allege any facts which could potentially form the basis for the City's liability for those alleged violations. Thus, both Counts VII and VIII fail to state a plausible claim for relief against the City and must be dismissed.

C. Section 1981 claim:

Plaintiff's § 1981 claim, set forth in Count VI, is similarly deficient. In that count, Plaintiff alleges race discrimination in connection with his employment. However, as the City points out in its motion, where a § 1981 claim is asserted against a governmental unit, the remedy is a § 1983 claim. The "express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for a violation of the rights guaranteed by § 1981 by state governmental units." *Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 733 (1989). Furthermore, municipalities do not have *respondeat superior* liability for employee conduct allegedly in violation of § 1981, and the § 1983 requirements of a policy or custom also apply where the conduct allegedly violates § 1981. *Id.* at 735. To prevail on such claim, a plaintiff "must show that the violation of his 'right to make contracts' protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases." *Id.* at 735-36.

Thus, as the City argues, if Plaintiff pursues liability against the City for the alleged violation by City employees of Plaintiff's § 1981 right to contract free of racial discrimination, his "exclusive federal damages remedy" is provided by § 1983. *Jett*, 491 U.S. at 735; *Boden v. City of Topeka,* 441 F.3d 1129, 1137 (10th Cir. 2006). His attempt to separately assert a § 1981 claim on this basis

fails to state a plausible claim for relief and must be dismissed.

D. Negligence claim:

In Count IX, Plaintiff asserts a negligence claim against "all Defendants except Massey and Lett."   Fourth Amended Complaint at ¶78.  He then alleges "the acts of the Defendants as described above constitute the tort of negligent supervision, training, and retention," asserting "Defendants had a duty to properly supervise and train their employees to refrain from engaging in harassment, discrimination and retaliation," and they breached that duty.  *Id.* at ¶¶ 79-81.  He further alleges Defendants "knew or should have known" Defendants Massey, Lett and other employees "would create an undue risk of harm to others."  *Id.* at ¶ 82.

Under Oklahoma law, the tort of negligent training and supervision may be asserted against an employer who has "reason to know" that one of its employees "is likely to harm others." *Schovanec v. Archdiocese of Oklahoma City,* 188 P. 3d 158, 170 (Okla. 2008);  *Escue v. Northern Oklahoma College,* 450 F. 3d 1146, 1156 (10th Cir. 2006) (quoting *New Hampshire v. Presbyterian Church (U.S.A.)*, 998 P. 2d 592, 600 (Okla. 1999)).  Under this cause of action, "[a]n employer is found liable, if--at the critical time of the tortious incident-- the employer had reason to believe that the person would create an undue risk of harm to others.  Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought." *N.H. v. Presbyterian Church (U.S.A.)*  998 P.2d 592, 600 (Okla.1999). "The critical element for recovery is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage."  *Id.*

As discussed above, Plaintiff has failed to allege facts sufficient to show the City was his employer.  Because his tort claim is cognizable only against an employer, dismissal is proper on this

11

basis.  Even if there were sufficient factual allegations to support Plaintiff's contention that the City

is his employer, however, this claim must be dismissed because Plaintiff also fails to allege facts to

show that Ms. Massey, Mr. Lett, or any other individuals who allegedly harmed Plaintiff were hired

and trained by the City.   Furthermore, even if Plaintiff had alleged facts to establish this essential

contention, he has alleged no facts to show that the City had reason to believe Ms. Massey, Mr. Lett,

or any other alleged wrongdoer would be likely to cause the harm claimed by Plaintiff.   Although

Plaintiff alleges they had reason to know Mr. Lett and Ms. Massey would create such risk, he fails

to support this conclusory allegation with any supporting facts.   Accordingly, the City's motion to

dismiss Count IX must be granted on these alternative grounds.

        Having determined that the Fourth Amended Complaint must be dismissed as against the

City, the Court must consider whether leave to amend should be granted.     Pursuant to Fed. R. Civ.

P. 15, leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).

However, such leave is not automatic and may be precluded by various factors, including  futility

and undue delay.  *Foman v. Davis*, 371  U.S. 178, 182 (1962).   Where the court dismisses a cause

of action for failure to state a claim, it may exercise its discretion to allow an amended complaint

to cure the deficiency in the original complaint; however, it is not required to do so if the

circumstances and the governing law render an amendment futile.  *Bauchman v. West High School*,

132 F.3d 542, 559 (10th Cir. 1997) (citing *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996)).

        The circumstances of this case cause the Court considerable concern.  With respect to the

claims asserted based on the theory that the City is his employer, it is difficult to understand why

Plaintiff cannot identify his employer.  Any doubt in that regard should have been cured during the

approximately seventeen months in which this litigation has been pending.  Of greater concern to

the Court, however, is the fact that no allegations were asserted to suggest that liability is based on the contention that the City and other defendants are joint employers.   Plaintiff is represented by counsel who are very experienced in representing employees asserting discrimination claims.  They are undoubtedly aware of the "joint employer" test and the allegations required to assert liability on that basis.  Despite the fact that the Complaint has been amended four times, counsel did not plead facts necessary to state a plausible claim for relief against the City on that basis.   The failure to do so  is particularly important in this case because so many claims are asserted against the alleged employer or employers.

Furthermore, the Court notes that, in its motion seeking dismissal of the Third Amended Complaint, the City asserted the same arguments in support of dismissal as it now presents in the instant motion.  The motion to dismiss the Third Amended Complaint was fully briefed before Plaintiff filed his Fourth Amended Complaint.   As a result, he had ample opportunity to revise his factual allegations to support the City's liability as an employer.  He did not do so, and asserts essentially the same allegations as appeared in the Third Amended Complaint and previous complaints.

Finally, the Court  notes that, in their separate partial motion to dismiss, Edmond Transit and McDonald expressly state that Edmond Transit is Plaintiff's employer and that it is a wholly owned subsidiary of McDonald.  *See* Partial Motion to Dismiss [Doc. No. 65] at p. 1.  They also state that Citylink is a trade name used by McDonald and Edmond Transit to conduct business and that it is not a separate legal entity.  In contrast to the City, Edmond Transit and McDonald do not contend that they are not potentially liable as employers. Instead,  they assert other bases for partial dismissal of some of the claims against them, arguing Plaintiff has failed to allege the essential elements of

13

those claims.  Despite the admission of employer status by Edmond Transit and McDonald, Plaintiff persists in seeking to hold the City liable as his employer.

When the Court granted Plaintiff's request to file a Fourth Amended Complaint, it did so with the hope that these issues would have been resolved.  As a result, the Court advised that further amendments would not be allowed absent exceptional circumstances.  Plaintiff has failed to present argument or authority sufficient to persuade the Court that exceptional circumstances warrant further amendment  to attempt to state a claim for relief against the City as his employer.  Accordingly, leave to amend will not be authorized.

IV. Conclusion:

For the foregoing reasons, the City's Motion to Dismiss [Doc. No. 66] is GRANTED.  The claims asserted herein against the City are dismissed.

IT IS SO ORDERED this 22nd day of June, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE