## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER MITCHEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-10-1203-D |
| | ) | |
| EDMOND TRANSIT MANAGEMENT, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's motion [Doc. No. 68] to defer his response to the motion to dismiss filed by Defendant City of Edmond ("City").[1]  Plaintiff contends the City's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be converted to a summary judgment motion. He further contends that, pursuant to Fed. R. Civ. P. 56(d),[2] he should be authorized to conduct discovery prior to filing a response.  The City timely objected to the request, arguing the motion does not warrant conversion to a summary judgment motion, and discovery is not required to address the motion to dismiss.

Background:

Plaintiff asserts thirteen causes of action, and most allege some form of employment discrimination or retaliation based on federal or state statutes.  The City is a defendant in nine of the thirteen counts. All claims directed at the City are based on its alleged status as Plaintiff's employer,

---

[1]Notwithstanding his motion to defer the response, Plaintiff timely filed a response to the motion to dismiss, but reiterated therein the arguments asserted in support of his request to convert the motion to one seeking summary judgment and to conduct discovery.

[2]Plaintiff cites Fed.R.Civ.P. 56(f) in support of his request for discovery.  However, the 2010 revisions to the Federal Rules of Civil Procedure amended Rule 56, and the provision on which Plaintiff relies now appears as subsection (d).

but those claims are also asserted against Edmond Transit Management, Inc. ("Edmond Transit"), McDonald Transit Associates, Inc.("McDonald"), and Citylink Edmond a/k/a Citylink Transit ("Citylink"), who are also alleged to be liable to Plaintiff as his employer.[3]

The nine claims asserted against the City, Edmond Transit, McDonald, and Citylink are based on alleged unlawful discrimination, retaliation, and negligence in connection with Plaintiff's employment as a bus driver in Edmond, Oklahoma.  An African American male, Plaintiff contends he was subjected to  unlawful employment discrimination based on his race, gender, and disability. He alleges he was sexually harassed by his African American female supervisor, whose conduct also created a sexually hostile work environment.  In addition, Plaintiff alleges he was subjected to unlawful retaliation after he filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting workplace discrimination or retaliation.  In addition, Plaintiff contends he is disabled, and asserts an employment discrimination claim based on the Americans with Disabilities Act ("ADA") and ADA Amendments ("ADAA"), as well the Oklahoma Anti-Discrimination Act ("OADA").   Another asserted claim is based on the Family Medical Leave Act ("FMLA"), as Plaintiff contends his supervisor interfered with his rights to seek medical leave under the FMLA, and she retaliated against him for exercising those rights.  He also alleges civil rights claims pursuant to 42 U. S. C. § 1983, contending his rights to free speech and equal protection were violated.  A separate racial discrimination claim arising under 42 U. S. C. § 1981 is also asserted.

The underlying basis for Plaintiff's claims is his contention that he engaged in a consensual

---

[3]Plaintiff also asserts tort claims against Alonda Massey, and  claims against Edmond Transit and McDonald based on violations of federal and state statutes governing payment of wages and overtime compensation.

affair with Defendant Alonda Massey, an African American female who was his supervisor.  He contends that, after he attempted to end the relationship, Ms. Massey engaged in conduct that was discriminatory and sexually harassing, resulting in a sexually hostile work environment.   He also alleges her conduct not only caused him to suffer emotional distress, but also resulted in physical conditions which rendered him disabled within the meaning of the ADA and OADA.  Thereafter, her conduct (and that of other defendants) allegedly violated his ADA and OADA protected rights as well as his FMLA rights.  He further contends that Defendants retaliated against him for the exercise of his protected rights under the federal employment discrimination statutes.

The Fourth Amended Complaint reflects that Plaintiff  seeks to hold the City and other defendants liable as his employer on the Title VII, ADA, OADA, and FMLA claims, as well as his § 1983 claims and tort claim based on negligent training and supervision.

Analysis:

The City's motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  It argues that all claims against it are premised on its alleged status as Plaintiff's employer, but that Plaintiff has failed to allege sufficient facts to show the City is his employer.  Thus, the City argues the Fourth Amended Complaint fails to state a plausible claim for relief against the City on that basis.

Plaintiff contends that the identity of his employer presents a question of subject matter jurisdiction and requires converting the motion to one seeking summary judgment.  He further argues that he should be allowed to conduct discovery before responding to a summary judgment argument.

As a general rule,  a Rule 12(b)(6) motion seeking dismissal for failure to state a claim upon which relief may be granted authorizes consideration only of the sufficiency of the allegations

asserted.  Fed. R. Civ. P. 12(b)(6); *MacArthur v. San Juan County,* 309 F.3d 1216, 1221 (10th Cir. 2002).   Although there are some exceptions to that rule,[4] those exceptions are inapplicable here because the City does not rely on material outside the Fourth Amended Complaint to support its motion to dismiss.

Plaintiff does not, in fact, argue the City has presented evidence outside the scope of the pleadings.  Instead, he contends that, where a jurisdictional challenge is intertwined with the merits of the case, the Court must convert the motion to one seeking summary judgment.

In some circumstances,  a Rule12(b)(1) motion seeking dismissal for lack of subject matter jurisdiction must be converted to a summary judgment motion.  Specifically, "a court is required to convert a Rule 12(b)(1) motion to dismiss when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "When subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." *Trainor v. Apollo Metal Specialities, Inc.*, 318 F.3d 976, 978 (10th Cir. 2002).  The issues are considered intertwined for this purpose where "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F. 3d 1220, 1223 (10th Cir. 2000).

However, this rule is inapplicable in this case because the City does not contend the Court lacks subject matter jurisdiction and does not seek dismissal pursuant to Rule 12(b)(1).  Instead, it challenges only the sufficiency of the allegations in the Fourth Amended Complaint.

Nevertheless, Plaintiff argues that whether the City is Plaintiff's employer is a jurisdictional question intertwined with the merits of his federal and state employment discrimination claims,

---

[4]The Court may, for example, consider documents attached to a complaint, materials incorporated by reference in a complaint, or materials which are central to a plaintiff's claims.  *See, e.g., MacArthur,* 309 F.3d at 1221.

4

citing *McClellan v. Board of County Comm's of Tulsa County,* CIV-07-00036 (N.D. Okla. Apr. 23, 2008) (unpublished slip opinion), attached to Plaintiff's motion as Exhibit 1.  In response, the City argues that Plaintiff's reliance on *McClellan* is misplaced because, in that case, the alleged employer seeking dismissal presented evidentiary material to the Court and expressly argued that "joint employer status is a 'jurisdictional' prerequisite" to a Title VII claim.  *McClellan,* Plaintiff's Ex. 1, at p. 8.  In ruling on the motion, the Court stated it was "unlikely" that the Tenth Circuit Court of Appeals would consider the question of employer status "as a 'jurisdictional' requirement to be decided pursuant to a Rule 12(b)(1) evidentiary analysis." *Id.* at 8-9.  Instead, the *McClellan* Court analyzed the motion pursuant to Rule 12(b)(6) standards and denied the motion to dismiss, concluding the plaintiff had alleged sufficient facts to plead an employment relationship between the plaintiff and the defendant. *Id.*

As the City also points out, the United States Supreme Court has rejected the contention that the issue of employer status in Title VII cases is jurisdictional. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).  In *Arbaugh,* the Court held that whether a defendant satisfies Title VII's definition of an employer is not a jurisdictional issue, but is instead a part of a plaintiff's substantive claim. *Arbaugh,* 546 U. S. at 514-15.  Subsequently, the Tenth Circuit Court of Appeals held that, in light of the "Supreme Court's decision in *Arbaugh*, we now conclude that employee status is an element of...Title VII claims rather than a matter of subject matter jurisdiction." *Xie v. University of Utah*, 243 F. App'x 367, 371 (10th Cir. 2007) (unpublished opinion).  Other courts have applied *Arbaugh* to claims based on federal employment statutes other than Title VII. *See, e.g., Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 357 (5th Cir. 2006) (applying *Arbaugh* to FMLA case); *Stanley v. RBO Custom Home Builders, LLC*, 2006 WL 3366134, at *2 (E.D. La. Nov. 20,

2006) (unpublished opinion) (applying *Arbaugh* to ADA and ADEA claims).

Pursuant to the foregoing, the Court rejects Plaintiff's contention that the issue of employer status is intertwined with subject matter jurisdiction. The question presented by the City's motion to dismiss is whether Plaintiff has alleged facts sufficient to plausibly state a claim against the City as his employer. Conversion of the motion to a summary judgment motion is not required, and the Court will analyze that motion pursuant to the standards governing Rule 12(b)(6) motions.

The Court also notes that, throughout the pendency of this litigation, Plaintiff has continued to be employed. Thus, the correct identity of his employer does not appear to present a question requiring formal discovery. In any event, this action has been pending for approximately seventeen months, and that time period has presented an adequate opportunity for counsel to resolve any questions regarding the identity of Plaintiff's employer.[5]

Conclusion:

In accordance with the foregoing, Plaintiff's motion [Doc. No. 68] to convert the City's motion to dismiss to a summary judgment motion and to direct discovery pursuant to Fed. R. Civ. P. 56(d) is DENIED.

IT IS SO ORDERED this 22nd day of June, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5]The separate motion to dismiss filed jointly by Edmond Transit and McDonald [Doc. No. 65] expressly states that Edmond Transit, a subsidiary of McDonald, is Plaintiff's employer.

6